## POLLOCK et ux. v. EL PASO ELECTRIC CO. (No. 2219.)

Court of Civil Appeals of Texas. El Paso. Nov. 1, 1928.

Rehearing Denied Dec. 13, 1928.

John T. Hill, of El Paso, for appellants.

Goggin, Hunter & Brown, of El Paso, for appellee.

WALTHALL, J. This suit was brought by Robert Pollock and wife, Benita Pollock, against El Paso Electric Company, a street car company, to recover damages for alleged personal injuries to the wife, and damages to an automobile, property of Pollock, and wife, resulting from a collision on East Yandell boulevard, between a street car and the automobile then occupied by Pollock and wife, and driven by Pollock.

Defendant answered by general denial and plea of contributory negligence in turning to the left in the middle of the block instead of proceeding to a street intersection to make the turn, and, in turning, failing to pass to the right of and beyond the center of the intersecting street, in violation of ordinances of the city of El Paso, and immediately in front of the approaching street car.

The case was tried to a jury and submitted upon special issues. In response to issues submitted the jury found:

*Rehearing denied January 10, 1929.

(1) The street car was not being propelled at a great and reckless rate of speed.

(2 and 3 were to be answered only in the event No. 1 was answered in the affirmative.)

(4) "Do you find from a preponderance of the evidence that defendant's motorman, after he had discovered the peril or perilous position of the automobile in which plaintiffs were, could, by the use of the means at hand and with safety to the street car and the persons thereon, have stopped the street car and avoided the collision complained of?" The jury answered, "No."

(5) The driver of the automobile was attempting, or had attempted, to cross to the north side of Boulevard street at or just prior to the time of the collision.

(6) That plaintiff was so attempting or had so attempted (as in No. 5) was a proximate cause of the collision complained of.

(7) The driver of the automobile was himself negligent in the way or manner in which he drove the car, or the way he kept a lookout, or failed to do so, and that such negligence caused, or contributed to cause, the collision complained of.

(8) "What sum do you find, if paid now, will reasonably compensate the plaintiffs for the damages proximately caused by the collision complained of?" The jury answered, "Nothing."

To special questions submitted by defendant: No. 2, a question similar to above No. 4, of the court's main charge, the jury answered No. The court, by defendant's special issue No. 4, submitted to the jury the issue of discovered peril. On that issue the jury answered that defendant did not discover the plaintiff's automobile upon the track, or in close proximity thereto, and realize the peril of the automobile and its occupants in time, by the exercise of ordinary care, to use the means at hand, consistent with the safety of the street car and its passengers, to prevent the collision.

To special questions submitted by defendant the jury answered: Plaintiff did not exercise ordinary care to keep a proper lookout for defendant's street car, and that such failure was the sole proximate cause of the collision in question. The jury found that the difference between the reasonable market value of the automobile before and after the collision was $100.

On the verdict rendered the court entered judgment for defendant.

## Opinion.

Plaintiffs assigned as negligence discovered peril, and also alleged that it was defendant's duty to keep a lookout for persons in perilous positions, and that it was defendant's duty to prevent injury to persons upon and near to tracks, and that for the failure to do each and any of said duties as alleged defendant would be liable, and that in that connection, if defendant did not see plaintiffs in their perilous position, defendant could and should have done so, and the failure to see plaintiffs was negligence, and which failure was the proximate cause of plaintiff's injuries; and again, "in the alternative" alleged that, if defendant in the operation of its cars, and keeping a lookout as imposed by law, failed to observe plaintiffs, and through such failure ran into plaintiffs, such failure was negligence; and that, as a consequence of the negligence in failing to observe plaintiffs near said street car, or having observed plaintiffs and failing to stop the street car, resulted in the injuries and damages. The above statements of the plaintiffs' pleadings are made in view of plaintiffs' insistence that "petition alleges a case only upon discovered peril," and also in view of plaintiffs' suggestions of error in refusing to give a requested special charge to the effect that the issue of discovered peril eliminated defendant's defense of contributory negligence.

The court was not in error in refusing to give the requested special charge.

The issues of contributory negligence and proximate cause were pleaded by appellee; the evidence was such as to properly call for their submission.

The sufficiency of the evidence to support the finding on any of the issues submitted is not contested.

The evidence failed to raise the issue of discovered peril, and the plaintiffs' own testimony shows contributory negligence as a matter of law, and that such negligence, excepting therefrom discovered peril, necessarily was the proximate cause of the injuries complained of.

Appellants complain of some minor matters occurring during the trial of the case, but, in view of the uncontroverted evidence, and the findings of the jury thereon, the controlling issues in the case, and not affected by the matters complained of, such errors, if errors, are not reversible errors.

The case is affirmed.